Daniel P. Struck, Bar No. 012377
Ashlee B. Hesman, Bar No. 028874
Ann Thompson Uglietta, Bar No. 013696
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
(480) 420-1600
dstruck@strucklove.com
ahesman@strucklove.com
auglietta@strucklove.com

*Attorneys for Defendants Bonilla and Pearcy*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Miriam Martinez, on behalf of the Estate of Steven Lemus; Arcelia Romero Martinez, statutory beneficiary; Angelica Tautimez on behalf of statutory beneficiaries; and surviving minor children, L.L. and J.L., | No. 2:23-cv-00662-ROS-MTM |
| Plaintiffs, | **DEFENDANTS BONILLA, PEARCY AND DE LOS SANTOS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | **AND** |
| Sheriff Paul Penzone, in his official capacity; Maricopa County, a public entity; Angelo Pearcy and Unknown Spouse Pearcy, a married couple; Richard Bonilla and Unknown Spouse Bonilla, a married couple; Kimberly Funchess and Unknown Spouse Funchess, a married couple; John and Jane Does 1-10, | **THEIR DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants Richard Bonilla, [1] Angelo Pearcy, and Cinthya De Los Santos ("Bonilla/Pearcy Defendants"), and each of them, plead as follows in response to the Complaint (Dkt. 1-3 at 6 - 15):

1.     Bonilla/Pearcy Defendants deny each and every allegation set forth in the Complaint except those allegations that are specifically admitted, qualified, or otherwise answered.

---

[1] Service of process has not been and cannot be effectuated upon "Unknown Spouse Bonilla," because Defendant Bonilla's spouse died on February 29, 2020.

2.      Regarding the allegations of Paragraph 1, Paragraph 1 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

3.      Regarding the allegations of Paragraph 2, they contain jurisdictional allegations which require no response. To the extent that an answer may be required to the jurisdictional allegations, they are denied. Affirmatively allege that this lawsuit is removed to the jurisdiction of the federal District Court for the District of Arizona. Bonilla/Pearcy Defendants admit that they reside within Maricopa County, Arizona. The remaining allegations in Paragraph 2 are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

4.      Regarding the allegations of Paragraph 3, Bonilla/Pearcy Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though expressly and fully set forth in full herein.

5.      Regarding the allegations of Paragraph 4, Bonilla/Pearcy Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 and, therefore, deny the same.

6.      Regarding the allegations of Paragraph 5, Bonilla/Pearcy Defendants lack sufficient knowledge or information to form a belief as to the truth of the fact allegations of Paragraph 5 and, therefore, deny the same.

7.      Regarding the allegations of Paragraph 6, Bonilla/Pearcy Defendants lack sufficient knowledge or information to form a belief as to the truth of the fact allegations of Paragraph 6 and, therefore, deny the same. Paragraph 6 also contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

8.      Regarding the allegations of Paragraph 7, Paragraph 7 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

9.      Regarding the allegations of Paragraph 8, Bonilla/Pearcy Defendants lack sufficient knowledge or information to form a belief as to the truth of the fact allegations of Paragraph 8 and, therefore, deny the same.

10.      Regarding the allegations of Paragraph 9, Bonilla/Pearcy Defendants admit that Defendant Paul Penzone is the elected Sheriff of Maricopa County, Arizona. Regarding the remaining allegations of Paragraph 9, they contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

11.      Regarding the allegations of Paragraph 10, Bonilla/Pearcy Defendants admit that Defendant Maricopa County is a political subdivision of the State of Arizona. Regarding the remaining allegations of Paragraph 10, they contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

12.      Regarding the allegations of Paragraph 11, Bonilla/Pearcy Defendants affirmatively allege that at the times material to the allegations of the Complaint, Defendant Bonilla and Defendant Pearcy were employees of the Maricopa County Sheriff's Office ("MCSO"). Bonilla/Pearcy Defendants deny that Defendant Bonilla or Defendant Pearcy were employed by Maricopa County. Regarding the remaining allegations of Paragraph 11, they contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

13.      Regarding the allegations of Paragraph 12, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 12 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

/ / /

3

14.     Regarding the allegations of Paragraph 13, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 13 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

15.     Regarding the allegations of Paragraph 14, Bonilla/Pearcy deny the allegations directed to them. Further, the allegations of Paragraph 14 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied. The remaining allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

16.     Regarding the allegations of Paragraph 15, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 15 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

17.     Regarding the allegations of Paragraph 16, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 16 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

18.     Regarding the allegations of Paragraph 17, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny

them. Further, the allegations of Paragraph 17 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

19.     Regarding the allegations of Paragraph 18, Bonilla/Pearcy Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, deny the same.

20.     Regarding the allegations of Paragraph 19, Bonilla/Pearcy Defendants affirmatively allege that an inmate named Steven Lemus ("Lemus") and Michael Schroeder ("Schroeder") were housed in cell 4Ave:2C:2:08 located in the Fourth Avenue Jail on March 29, 2022. Regarding the remaining allegations of Paragraph 19, Bonilla/Pearcy Defendants lack sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, deny the same.

21.     Admit the allegations of Paragraph 20.

22.     Regarding the allegations of Paragraph 21, Bonilla/Pearcy admit that Schroeder was incarcerated in the Fourth Avenue Jail. Regarding the remaining allegations of Paragraph 21, Bonilla/Pearcy Defendants lack sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, deny the same.

23.     Regarding the allegations of Paragraph 22, Bonilla/Pearcy affirmatively allege that Schroeder was housed without a cellmate in cell 4Ave:2C:2:08 at certain times before Lemus was housed in cell 4Ave:2C:2:08. Regarding the remaining allegations of Paragraph 22, Bonilla/Pearcy Defendants lack sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, deny the same.

24.     Regarding the allegations of Paragraph 23, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 23 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

25.     Regarding the allegations of Paragraph 24, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 24 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

26.     Regarding the allegations of Paragraph 25, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 25 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

27.     Regarding the allegations of Paragraph 26, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 26 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

28.     Regarding the allegations of Paragraph 27, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 27 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

29.     Regarding the allegations of Paragraph 28, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 28 contain legal arguments, legal conclusions,

and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

30.     Regarding the allegations of Paragraph 29, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 29 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

31.     Regarding the allegations of Paragraph 30, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 30 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

32.     Regarding the allegations of Paragraph 31, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 31 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

33.     Regarding the allegations of Paragraph 32, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 32 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

34.     Regarding the allegations of Paragraph 33, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no

response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them. Further, the allegations of Paragraph 33 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

35.     Regarding the allegations of Paragraph 34, Bonilla/Pearcy Defendants affirmatively allege that to the best of Defendant Pearcy's recollection, prior to March 30, 2022, Schroeder asked Defendant Pearcy a question about inmates having meal trays, and Defendant Pearcy responded. Bonilla/Pearcy Defendants affirmatively allege that Defendant Pearcy verbally reported this exchange with Schroeder to a Mental Health provider at the Fourth Avenue Jail. Bonilla/Pearcy Defendants affirmatively allege that although Defendant Pearcy used the word "tablet" in subsequently describing this exchange to a MCSO investigator, he later realized this was a mistake because Schroeder had referred to a meal tray, not a "tablet," during this exchange. Bonilla/Pearcy Defendants deny the remaining allegations of Paragraph 34.

36.     Regarding the allegations of Paragraph 35, Bonilla/Pearcy Defendants affirmatively allege that Lemus and Schroeder were housed in cell 4Ave:2C:2:08 located in the Fourth Avenue Jail on or about March 29, 2022. The remaining allegations of Paragraph 35 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

37.     Regarding the allegations of Paragraph 36, Bonilla/Pearcy Defendants affirmatively allege that on March 30, 2022, Defendant Bonilla was assigned to first shift Tower Officer duties in Fourth Avenue Jail 2-C, which included cell 4Ave:2C:2:08, which housed Lemus and Schroeder on that date; Defendant Bonilla arrived at his duty station in the Tower in Fourth Avenue Jail 2-C at approximately 6:35 a.m. on that date; and Defendant Bonilla was working at his duty station in the Tower in Fourth Avenue Jail 2-C at approximately 6:40 a.m. on that date. Bonilla/Pearcy Defendants deny the remaining allegations of Paragraph 36.

38.     Regarding the allegations of Paragraph 37, Bonilla/Pearcy Defendants affirmatively allege that at approximately 6:40 a.m. on March 30, 2022, while Defendant Bonilla was working at his duty station in the Tower in Fourth Avenue Jail 2-C, Defendant Bonilla answered an intercom call from cell 4Ave:2C:2:08. Bonilla/Pearcy Defendants affirmatively allege that Schroeder spoke over the intercom. Bonilla/Pearcy Defendants deny the remaining allegations of Paragraph 37.

39.     Regarding the allegations of Paragraph 38, Bonilla/Pearcy Defendants affirmatively allege that upon Defendant Bonilla receiving the intercom call from Schroeder at approximately 6:40 a.m. on March 30, 2022, while Defendant Bonilla was working at his duty station in the Tower in Fourth Avenue Jail 2-C, Defendant Bonilla called Defendant Pearcy, who was assigned to first shift Floor Officer duties in Fourth Avenue Jail 2-C  on March 30, 2022, and Defendant Bonilla informed Defendant Pearcy of Schroeder's intercom call. Bonilla/Pearcy Defendants affirmatively allege that Defendant Bonilla was watching the Jail surveillance camera and did not observe any fighting/assault activity at cell 4Ave:2C:2:08. Bonilla/Pearcy Defendants affirmatively allege that they discussed that the first shift's ID Headcount security walk would occur in a few minutes and Defendant Pearcy would start the first ID Headcount security walk on the 200 side of Fourth Avenue Jail 2-C and check-out cell 4Ave:2C:2:08. The allegations of Paragraph 38 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied. Bonilla/Pearcy Defendants deny the remaining allegations of Paragraph 38.

40.     Bonilla/Pearcy Defendants deny the allegations of Paragraph 39.

41.     Regarding the allegations of Paragraph 40, at approximately 6:48 a.m. on March 30, 2022, while Defendant Bonilla was working at his duty station in the Tower in Fourth Avenue Jail 2-C, and while Defendant Pearcy was completing his preparations for the first shift's ID Headcount security walk for Fourth Avenue Jail 2-C, Defendant Bonilla received a second intercom call from cell 4Ave:2C:2:08. Bonilla/Pearcy Defendants affirmatively allege that Schroeder spoke over the intercom. Bonilla/Pearcy Defendants

deny the remaining allegations of Paragraph 40.

42.     Regarding the allegations of Paragraph 41, Bonilla/Pearcy Defendants affirmatively allege that upon Defendant Bonilla receiving the second intercom call from Schroeder at approximately 6:48 a.m. on March 30, 2022, Defendant Bonilla called Defendant Pearcy, and Defendant Pearcy went directly to cell 4Ave:2C:2:08. Bonilla/Pearcy Defendants deny the remaining allegations of Paragraph 41.

43.     Regarding the allegations of Paragraph 42, Bonilla/Pearcy Defendants affirmatively allege that upon arriving at cell 4Ave:2C:2:08 at approximately 6:50 a.m. on March 30, 2022, Defendant Pearcy looked through the cell door window and observed Schroeder, who made a statement. Bonilla/Pearcy Defendants affirmatively allege that Defendant Pearcy also observed Lemus motionless and covered in blankets on the floor in the rear of the cell. Bonilla/Pearcy Defendants affirmatively allege that Defendant Pearcy handcuffed and removed Schroeder from the cell. Bonilla/Pearcy Defendants affirmatively allege that Defendant Pearcy radioed a man-down alert for emergency medical care for Lemus, who was removed from the cell and given emergency medical care. Bonilla/Pearcy Defendants deny the remaining allegations of Paragraph 42.

44.     Regarding the allegations of Paragraph 43, Bonilla/Pearcy Defendants affirmatively allege that upon arriving at 4Ave:2C:2:08 at approximately 6:50 a.m. on March 30, 2022, Defendant Pearcy looked through the cell door window and observed Schroeder, who made a statement. Bonilla/Pearcy Defendants deny the remaining allegations of Paragraph 43.

45.     Regarding the allegations of Paragraph 44, Pearcy/Bonilla Defendants affirmatively allege that, upon information and belief, Schroeder made voluntary statements to MCSO officers, admitting that Schroeder assaulted Lemus in the cell, and Schroeder subsequently was charged and pled guilty to the murder of Lemus. Regarding the remaining allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

46.     Regarding the allegations of Paragraph 45, Bonilla/Pearcy Defendants affirmatively allege that Defendant Pearcy handcuffed and removed Schroeder from the cell. Bonilla/Pearcy Defendants affirmatively allege that Defendant Pearcy radioed a man-down alert for emergency medical care for Lemus, who was removed from the cell and given emergency medical care. Bonilla/Pearcy Defendants affirmatively allege, upon information and belief, Lemus is deceased. The remaining allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

47.     Regarding the allegations of Paragraph 46, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

48.     Regarding the allegations of Paragraph 47, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

49.     Regarding the allegations of Paragraph 48, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

50.     Bonilla/Pearcy Defendants deny the allegations of Paragraph 49.

51.     Regarding the allegations of Paragraph 50, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

52.     Regarding the allegations of Paragraph 51, the allegations in this Paragraph are directed at individuals/entities other than these answering Defendants and therefore no

response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

53.     Regarding the allegations at lines 7:3-4, they contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

54.     Regarding the allegations of Paragraph 52, Bonilla/Pearcy Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though expressly and fully set forth in full herein.

55.     Regarding the allegations of Paragraph 53, the allegations of Paragraph 53 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

56.     Bonilla/Pearcy Defendants deny the allegations of Paragraphs 54-56.

57.     Regarding the allegations at lines 7:21-23, they contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

58.     Regarding the allegations of Paragraph 57, Bonilla/Pearcy Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though expressly and fully set forth in full herein.

59.     Bonilla/Pearcy Defendants deny the allegations of Paragraphs 58-59.

60.     Regarding the allegations at line 8:6, they contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

61.     Regarding the allegations of Paragraph 60, Bonilla/Pearcy Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though expressly and fully set forth in full herein.

62.     Regarding the allegations of Paragraph 61, the allegations of Paragraph 61 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

63.     Bonilla/Pearcy Defendants deny the allegations of Paragraphs 62-65.

64.     Regarding the allegations of lines 9:1-3 and Paragraphs 66-68, the allegations in these lines and these Paragraphs are directed at individuals/entities other than these answering Defendants and therefore no response is required. To the extent a response is required, Bonilla/Pearcy Defendants deny them.

65.     Regarding the allegations of Paragraph 69, the allegations of Paragraph 69 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

66.     Regarding the allegations of Paragraph 70, the allegations of Paragraph 69 contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent that an answer may be required, they are denied.

67.     Bonilla/Pearcy Defendants deny Plaintiffs are entitled to judgment or any relief requested.

## **AFFIRMATIVE DEFENSES**

Having fully answered the First Amended Complaint, Defendants Richard Bonilla, Angelo Pearcy, and Cinthya De Los Santos  ("Bonilla/Pearcy Defendants"), and each of them, assert the following affirmative defenses:

A.     The Complaint fails to state a claim upon which relief can be granted.

B.     The Complaint alleges that a Personal Representative named Miriam Martinez is asserting claims on behalf of the Estate of Steven Lemus. To the extent a court of competent jurisdiction has not entered a lawful order duly appointing Miriam Martinez as the Personal Representative of the Estate of Steven Lemus, and duly issuing letters testamentary or of administration to Miriam Martinez as the Personal Representative of the Estate of Steven Lemus, Miriam Martinez lacks standing and the claims asserted on behalf of the Estate of Steven Lemus must be dismissed.

C.     To the extent that any of the Plaintiffs are not statutory plaintiffs and/or statutory beneficiaries as provided by A.R.S. §§ 12-611 *et seq*., any such Plaintiff(s) lacks standing and the statutory wrongful death claim asserted by any such Plaintiff(s) and/or on

behalf of such Plaintiff(s) must be dismissed.

D.     To the extent that Arcelia Romero Martinez is not the mother of Steven Lemus and/or J.L. and L.L. are not the children of Steven Lemus, they lack standing to assert Section 1983 Fourteenth Amendment "familial association" claims and/or A.R.S. §§ 12-611 *et seq.* wrongful death claims under applicable law, and those claims must be dismissed.

E.     Plaintiffs' claims are subject to dismissal under the applicable statutes of limitations.

F.     Plaintiffs' claims are subject to dismissal for failure to comply with A.R.S. §§ 12-821 and 12-821.01.

G.     Plaintiffs cannot establish the requisite showing of intent necessary to sustain a cause of action alleging constitutional violation, thereby warranting dismissal of this lawsuit.

H.     Bonilla/Pearcy Defendants were acting reasonably, in good faith, without malice, and based upon legal process, probable cause and/or reasonable suspicion, with reasonable belief as to the legality of things and matters.

I.     Bonilla/Pearcy Defendants acted lawfully, with due care and diligence, at all relevant times and did not violate any of Steven Lemus's or Plaintiffs' rights of any nature whatsoever.

J.     Bonilla/Pearcy Defendants' conduct was privileged or otherwise justified by law.

K.     Plaintiffs cannot demonstrate that any deprivation of constitutional rights occurred because of any deliberate acts or omissions on the part of Bonilla/Pearcy Defendants, and, thus, Plaintiffs cannot demonstrate that any deliberate acts or omissions on the part of Bonilla/Pearcy Defendants establishes liability on the part of Bonilla/Pearcy Defendants. Further, Plaintiffs cannot establish that any deliberate acts or omissions on the part of Bonilla/Pearcy Defendants proximately caused their alleged damages.

L.     Plaintiffs cannot demonstrate that Bonilla/Pearcy Defendants acted or failed

14

to act in a manner which constituted a "purpose to harm" nor which "shocked the conscience" in relation to the incident complained of in the Complaint, such that Plaintiffs cannot establish liability on the part of Bonilla/Pearcy Defendants as to Plaintiffs' Section 1983 "familial society and companionship" claims alleged against Bonilla/Pearcy Defendants.

M.     Plaintiffs cannot demonstrate that Bonilla/Pearcy Defendants had a duty to intercede and/or had a realistic opportunity to intercede and/or acted or failed to act in a manner which could establish liability on the part of Bonilla/Pearcy Defendants.

N.     Plaintiffs cannot establish the requirements for any alleged joint and several liability theories (including any alleged acting in concert theories, alleged conspiracy theories, alleged joint venture theories and/or any other joint tortfeasor theories) under applicable law.

O.     Plaintiffs cannot establish liability on the part of Bonilla/Pearcy Defendants for Plaintiffs' claims alleged to arise out of the lawful and/or immunized conduct of the Bonilla/Pearcy Defendants.

P.     Bonilla/Pearcy Defendants are entitled to qualified immunity and/or absolute immunity under applicable law.

Q.     Bonilla/Pearcy Defendants are entitled to all defenses, privileges, immunities, and presumptions afforded to government employees under applicable law.

R.     Bonilla/Pearcy Defendants affirmatively assert the defense of justification under applicable law.

S.     Bonilla/Pearcy Defendants' actions or their inactions did not violate the constitutional rights of Plaintiffs or Steven Lemus.

T.     Bonilla/Pearcy Defendants owed no legal duty of any kind to Plaintiffs or Steven Lemus regarding the circumstances complained of in the Complaint.

U.     Bonilla/Pearcy Defendants did not breach any duty owed to Plaintiffs or Steven Lemus regarding the circumstances complained of in the Complaint.

V.     Bonilla/Pearcy Defendants' alleged actions or inactions were not intentional

nor were those alleged actions or inactions grossly negligent under applicable law.

W.     Bonilla/Pearcy Defendants are immune from simple negligence under A.R.S. § 12-820.02(A)(4).

X.     Bonilla/Pearcy Defendants are entitled to qualified immunity and dismissal of Plaintiffs' claims as provided by A.R.S. § 12-820.02(A)(4).

Y.     The actions of Bonilla/Pearcy Defendants did not rise to the level of wanton misconduct that was flagrant and evinced a lawless and destructive spirit, thereby warranting dismissal of Plaintiffs' state law claims pursuant to A.R.S. § 12-820.02(A)(4).

Z.     Any alleged damages and/or alleged injuries to Plaintiffs and/or Steven Lemus, which Bonilla/Pearcy Defendants deny, were not proximately caused nor contributed to by any failure of Bonilla/Pearcy Defendants to comply with the applicable standard of care.

AA.   Any alleged damages and/or alleged injuries to Plaintiffs and/or Steven Lemus, which Bonilla/Pearcy Defendants deny, were not proximately caused by any wrongful act or omission of Bonilla/Pearcy Defendants.

BB.   Plaintiffs and/or Steven Lemus assumed the risk of injury, acted in direct and intentional violation of law, and acted voluntarily, intentionally, and knowingly, jeopardizing their safety and well-being, thereby eliminating liability on the part of Bonilla/Pearcy Defendants.

CC.   Any alleged damages and/or alleged injuries to Plaintiffs and/or Steven Lemus, which Bonilla/Pearcy Defendants deny, were caused in whole or in part by Plaintiffs and/or Steven Lemus, thereby barring or reducing any recovery.

DD.   Plaintiffs and/or Steven Lemus failed to mitigate their alleged damages and/or alleged injuries, if any, which Bonilla/Pearcy Defendants deny, thus barring or reducing any recovery.

EE.   Any alleged damages and/or alleged injuries to Plaintiffs and/or Steven Lemus, which Bonilla/Pearcy Defendants deny, were caused in whole or in part by Michael Schroeder, Steven Lemus, Plaintiffs, other Defendants, third parties and/or non-parties at

fault, none of whom are agencies, agents, or employees of Bonilla/Pearcy Defendants for whom Bonilla/Pearcy Defendants have any liability.

FF.    Any alleged damages and/or alleged injuries to Plaintiffs and/or Steven Lemus, which Bonilla/Pearcy Defendants deny, were caused or contributed to by the intervening or superseding acts or omissions of Michael Schroeder, Steven Lemus, Plaintiffs, other Defendants, third parties and/or non-parties other than Bonilla/Pearcy Defendants, and over whom Bonilla/Pearcy Defendants have no control or right to control.

GG.    Any recovery or other award made against Bonilla/Pearcy Defendants must be reduced by the percentage of fault of Michael Schroeder, Steven Lemus, Plaintiffs, other Defendants, third parties and/or non-parties at fault, and any recovery or other award made against Bonilla/Pearcy Defendants must be limited to the percentage of fault, if any, which Bonilla/Pearcy Defendants deny, of Bonilla/Pearcy Defendants. *See* A.R.S. §§ 12-2501 *et seq*.

HH.    A.R.S. § 14-3110 bars Plaintiffs' claims for alleged pre-death pain and suffering damages and/or other alleged hedonic damages.

II.    Any recovery or award against Bonilla/Pearcy Defendants must be offset by the amount of any non-collateral source benefits that Plaintiffs have received or will receive in the future.

JJ.    Plaintiffs are not entitled to punitive damages under applicable federal and state law.

KK.    Bonilla/Pearcy Defendants are not liable for punitive damages per A.R.S. § 12-820.04.

LL.    Bonilla/Pearcy Defendants affirmatively allege that there existed no conduct that was motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiffs and/or Steven Lemus, thereby precluding Plaintiffs from recovery of punitive damages.

MM.    Bonilla/Pearcy Defendants affirmatively allege that other affirmative defenses may come to light as this case progresses. Accordingly, Bonilla/Pearcy Defendants

17

affirmatively allege those affirmative defenses contained in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure as well as any other affirmative defenses that may become applicable pursuant to discovery, including: failure to join a necessary and proper party; insufficiency of service of process; lack of service; assumption of the risk; estoppel; laches; fraud; illegality; lack of respondeat superior; spoilation; statute of limitations; waiver; acquiescence; unclean hands; statutory and state/federal constitutional defenses to punitive damages; contributory negligence; comparative fault; qualified immunity; absolute immunity; and any other matter which constitutes an avoidance or affirmative defense which further discovery may demonstrate to be applicable.

NN.    Bonilla/Pearcy Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defenses. If it appears that any defense or affirmative defense is or may be applicable after Bonilla/Pearcy Defendants have had the opportunity to conduct reasonable discovery in this matter, Bonilla/Pearcy Defendants will assert such defenses or affirmative defenses in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the First Amended Complaint, Defendants Richard Bonilla, Angelo Pearcy, and Cinthya De Los Santos, and each of them, hereby jointly request the following relief:

1.  That this action be dismissed in its entirety, with Plaintiffs taking nothing and with Judgment entered in favor of Defendants Richard Bonilla, Angelo Pearcy, and Cinthya De Los Santos;

2.  That Plaintiffs be ordered to pay Defendants Richard Bonilla, Angelo Pearcy, and Cinthya De Los Santos' costs and attorneys' fees; and

3.  Such other and further relief as this Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Fed. R. Civ. P., Defendants Richard Bonilla, Angelo Pearcy, and Cinthya De Los Santos, and each of them, hereby demand a jury trial on all issues subject thereto.

DATED this 23rd day of May, 2023.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Ann Thompson Uglietta
   Daniel P. Struck
   Ashlee B. Hesman
   Ann Thompson Uglietta
   3100 West Ray Road, Suite 300
   Chandler, Arizona 85226

   *Attorneys for Defendants Bonilla and Pearcy*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Larry J. Wulkan                    larry.wulkan@zwfirm.com
Jennifer L. Allen                   jennifer.allen@zwfirm.com
Charles E. Trullinger            trullinc@mcao.maricopa.gov
                                          ca-civilmailbox@mcao.maricopa.gov
Angela D. Lane                    lanea@mcao.maricopa.gov


I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:


/s/ Ann Thompson Uglietta