RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY:   KIM CHAMBERLAIN (031675)
      CHARLES E. TRULLINGER (018936)
      ANGELA D. LANE (035963)
      Kim.Chamberlain@mcao.maricopa.gov
      trullinc@mcao.maricopa.gov
      lanea@mcao.maricopa.gov
      Deputy County Attorneys

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-8541
Facsimile (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 0003200

*Attorneys for Sheriff Paul Penzone,*
*Maricopa County and Kimberly Funchess*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miriam Martinez, on behalf of the Estate of Steven Lemus; Arcelia Romero Martinez, statutory beneficiary, Angelica Tautimez, on behalf of statutory beneficiaries and surviving minor children, L.L. an J.L., | **NO. CV23-00662-PHX-ROS (MTM)** |
| Plaintiffs, | **DEFENDANTS SHERIFF PENZONE, MARICOPA COUNTY, AND KIMBERLY FUNCHESS'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| v. | **AND** |
| Sheriff Paul Penzone, in his official capacity; Maricopa County, a public entity; Angelo Pearcy and Unknown Spouse Pearcy, a married couple; Richard Bonilla and Unknown Spouse Bonilla, a married couple; Kimberly Funchess and Unknown Spouse Funchess, a married couple; John and Jane Does 1-10, | **THEIR DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants Sheriff Paul Penzone, Maricopa County, and Kimberly Funchess[1] (collectively "County Defendants") answer Plaintiffs' Complaint (Doc. 1-3 at 6 – 15) as follows. All allegations not specifically admitted are denied.

## JURISDICTION AND VENUE

1.    In response to paragraph 1 of the Complaint, paragraph 1 contains legal conclusions and a characterization of the Complaint to which no response is required. To the extent a response is required, County Defendants deny the allegations.

2.    In response to paragraph 2 of the Complaint, it contains jurisdictional allegation to which no response is required. To the extent a response is required regarding the jurisdictional allegations, they are denied. County Defendants affirmatively allege that they removed the action to the jurisdiction of the United States District Court, District of Arizona. County Defendants admit that the underlying events occurred in Maricopa County. Funchess admits that she is a resident of Maricopa County. Maricopa County denies being a resident of Maricopa County and affirmatively alleges that it is a political subdivision of the State of Arizona. Sheriff Penzone, in his official capacity, denies he is a resident of Maricopa County and affirmatively alleges that he is the duly elected Sheriff of Maricopa County. The remainder of the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

## PARTIES

3.    In response to paragraph 3 of the Complaint, County Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though fully set forth herein.

4.    In response to paragraph 4 of the Complaint, County Defendants are without sufficient knowledge to form a belief as to the truth of the allegation and, therefore, deny

---

[1]    Kimberly Funchess was not married at the time of the underlying events.

the same.

5.      In response to paragraph 5 of the Complaint, County Defendants are without sufficient knowledge to form a belief as to the truth of the allegation and, therefore, deny the same.

6.      In response to paragraph 6 of the Complaint, County Defendants are without sufficient knowledge to form a belief as to the truth of the allegation and, therefore, deny the same.

7.      In response to paragraph 7 of the Complaint, paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, County Defendants deny the allegations.

8.      In response to paragraph 8 of the Complaint, County Defendants are without sufficient knowledge to form a belief as to the truth of the allegation and, therefore, deny the same.

9.      In response to paragraph 9 of the Complaint, County Defendants admit that Sheriff Penzone was the duly elected Sheriff of Maricopa County at all times relevant to the Complaint. County Defendants admit that Sheriff Penzone was in charge of the Maricopa County Sheriff's Office ("MCSO") at all times relevant to the Complaint. The remaining allegations are legal conclusions or a characterization of the Complaint to which no response is required. To the extent a response is required, County Defendants deny the allegations.

10.     In response to paragraph 10 of the Complaint, County Defendants admit that Maricopa County is a political subdivision of the State of Arizona, formed under Title 11 of the Arizona Revised Statutes. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, County Defendants deny the allegations.

11.     In response to paragraph 11 of the Complaint, County Defendants deny that Richard Bonilla and Angelo Pearcy were Maricopa County employees or agents. The

remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

12.     In response to paragraph 12 of the Complaint, County Defendants admit that Kimberly Funchess was an employee of Maricopa County acting within the course and scope of her employment at all relevant times alleged in the Complaint. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, County Defendants deny the allegations.

13.     In response to paragraph 13 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

14.     In response to paragraph 14 of the Complaint, County Defendants deny that Funchess was acting for the benefit and furtherance of the marital community. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS OF THIS COMPLAINT**

15.     In response to paragraph 15 of the Complaint, County Defendants admit that Sheriff Penzone is statutorily tasked with taking charge of and keeping the MCSO jails and all inmates in the jail. A.R.S. § 11-441(A)(5) and 31-101. To the extent there are any remaining allegations, they are denied.

16.     In response to paragraph 16 of the Complaint, County Defendants deny that Sheriff Penzone is the final policy maker for Maricopa County. County Defendants affirmatively allege that Sheriff Penzone is the final policy maker for MCSO. County Defendants admit that Maricopa County is liable for the Sheriff's policies and procedures for the limited purpose of a § 1983 *Monell* claim. County Defendants affirmatively allege

that Maricopa County does not have any liability for the Sheriff or MCSO under § 1983 other than a *Monell* claim. County Defendants deny that Sheriff Penzone has any unconstitutional policies, procedures, and/or customs. To the extent any allegations remain, County Defendants deny them.

17.     In response to paragraph 17 of the Complaint, County Defendants deny the allegations. County Defendants affirmatively allege that the Sheriff has statutory duties related to keeping the Maricopa County jails and the inmates therein. A.R.S. § 11-441(A)(5) and 31-101. County Defendants affirmatively allege that Maricopa County is statutorily mandated to provide healthcare to inmates. A.R.S. § 11-291. County Defendants affirmatively allege that Maricopa County does not "assist" Sheriff Penzone in carrying out his statutory duties, nor does Sheriff Penzone "assist" Maricopa County in carrying out their statutory duties.

18.     In response to paragraph 18 of the Complaint, County Defendants admit that Steven Lemus was arrested on March 28, 2022.

19.     In response to paragraph 19 of the Complaint, County Defendants admit that Lemus and Michael Schroeder were assigned to the same cell at the Fourth Avenue jail on March 29, 2022.

20.     In response to paragraph 20 of the Complaint, County Defendants admit that Lemus was a pretrial detainee.

21.     In response to paragraph 21 of the Complaint, County Defendants deny that Schroeder had been incarcerated within the MCSO jail system since March 22, 2022. County Defendants affirmatively allege that Schroeder was booked into the MCSO jail system on March 21, 2022. County Defendants affirmatively allege that Schroeder was housed in different facilities at different times.

22.     In response to paragraph 22 of the Complaint, County Defendants admit only that Schroeder did not have an assigned cellmate prior to March 29, 2022. County Defendants lack sufficient information or knowledge to form a belief as to the truth of the

remaining allegations and, therefore, deny the same.

23.     In response to paragraph 23 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

24.     In response to paragraph 24 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

25.     In response to paragraph 25 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

26.     In response to paragraph 26 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

27.     In response to paragraph 27 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

28.     In response to paragraph 28 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

29.     In response to paragraph 29 of the Complaint, County Defendants admit that MHP Brothers referred Schroeder for evaluation on March 23, 2022, and admit that Schroeder was transferred to the mental health unit at the Lower Buckeye Jail for evaluation that same day.

30.     In response to paragraph 30 of the Complaint, County Defendants admit that Schroeder was not held indefinitely in the mental health unit and was eventually returned to the Fourth Avenue Jail after an evaluation. County Defendants affirmatively allege that Schroeder was returned to the Fourth Avenue jail on March 24, 2022, at approximately

8:30 p.m. County Defendants affirmatively allege that the mental health unit does not have the authority to change an inmate's classification level or dictate an inmate's housing assignments. County Defendants deny the remaining allegations.

31. In response to paragraph 31 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

32. In response to paragraph 32 of the Complaint, County Defendants admit the allegation.

33. In response to paragraph 33 of the Complaint, County Defendants admit that Funchess evaluated Schroeder. County Defendants admit that Funchess transferred Schroeder out of the mental health unit. County Defendants admit that Funchess did not issue an order that Schroeder be kept in a cell alone. County Defendants admit that Schroeder was transferred back to the Fourth Avenue Jail on March 27, 2022. County Defendants affirmatively alleged that Funchess did not have the authority to dictate or control where or how Schroeder was housed or change his classification level. County Defendants deny any remaining allegations.

34. In response to paragraph 34 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

35. In response to paragraph 35 of the Complaint, County Defendants admit only that Lemus and Schroeder were assigned to the same cell on March 29, 2022. County Defendants deny the remaining allegations.

36. In response to paragraph 36 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

37. In response to paragraph 37 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent

a response is required, County Defendants deny them.

38.     In response to paragraph 38 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

39.     In response to paragraph 39 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

40.     In response to paragraph 40 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

41.     In response to paragraph 41 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

42.     In response to paragraph 42 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

43.     In response to paragraph 43 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

44.     In response to paragraph 44 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them. County Defendants affirmatively allege that Schroeder pleaded guilty to murdering Lemus.

45.     In response to paragraph 45 of the Complaint, County Defendants admit that detention officers began CPR and called the Phoenix Fire Department. County Defendants admit that Lemus passed away at the hospital days later. The remaining allegations are directed at individuals other than the answering Defendants and no response is required.

To the extent a response is required, County Defendants deny them.

46.     In response to paragraph 46 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

47.     In response to paragraph 47 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

48.     In response to paragraph 48 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

49.     In response to paragraph 49 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

50.     In response to paragraph 50 of the Complaint, the allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

## FACTUAL ALLEGATIONS RELEVANT TO MARICOPA COUNTY'S LIABILITY

51.     In response to paragraph 51 of the Complaint, County Defendants deny the allegations. As to subparagraphs a through d, County Defendants County Defendants are without sufficient knowledge to form a belief as to the truth of the allegations and, therefore, deny the same.

## COUNT ONE

52.     In response to paragraph 52 of the Complaint, County Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though fully set forth herein.

53.     In response to paragraph 53 of the Complaint, paragraph 53 contains legal

conclusions and legal argument to which no response is required. To the extent a response is required, County Defendants deny the allegations.

54.     In response to paragraph 54 of the Complaint, County Defendants deny the allegations against Funchess. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

55.     In response to paragraph 55 of the Complaint, County Defendants deny the allegations against Funchess. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

56.     In response to paragraph 56 of the Complaint, County Defendants deny the allegations against Funchess. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

## COUNT TWO

57.     In response to paragraph 57 of the Complaint, County Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though fully set forth herein.

58.     In response to paragraph 58 of the Complaint, County Defendants deny the allegations against Funchess. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

59.     In response to paragraph 59 of the Complaint, County Defendants deny the allegations against Funchess. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

## COUNT THREE

60.     In response to paragraph 60 of the Complaint, County Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though fully set forth herein.

61.     In response to paragraph 61 of the Complaint, paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, County Defendants deny the allegations.

62.     In response to paragraph 62 of the Complaint, County Defendants deny the allegations as to them. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

63.     In response to paragraph 63 of the Complaint, County Defendants deny the allegations as to them. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

64.     In response to paragraph 64 of the Complaint, County Defendants deny the allegations as to them. The remaining allegations are directed at individuals other than the answering Defendants and no response is required. To the extent a response is required, County Defendants deny them.

65.     In response to paragraph 65 of the Complaint, County Defendants admit that Maricopa County is vicariously liable for Funchess's actions committed in the course and scope of her employment. County Defendants deny that Maricopa County is vicariously liable for any other individual Defendant named in this Complaint. To the extent any allegations remain, County Defendants deny them.

**COUNT FOUR**

66.     In response to paragraph 66 of the Complaint, County Defendants reallege and incorporate by reference all preceding paragraphs of this Answer, as though fully set forth herein.

67.     In response to paragraph 67 of the Complaint, County Defendants deny the allegations.

68.     In response to paragraph 68 of the Complaint, County Defendants deny the allegations.

## TIER

69.     In response to paragraph 69 of the Complaint, paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, County Defendants deny the allegations.

## JURY TRIAL

70.     In response to paragraph 70 of the Complaint, paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, County Defendants deny the allegations.

Wherefore, having fully answered the Complaint, County Defendants hereby request the following relief:

1.  That this action be dismissed in its entirety, with Plaintiff taking nothing;

2.  For costs and attorneys' fees incurred herein; and

3.  For such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

A.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

B.     To the extent that the Plaintiffs are not statutory plaintiffs and/or statutory beneficiaries as provided by A.R.S. §§ 12-611 *et seq.,* the Plaintiffs lack standing and the statutory wrongful death claim asserted by Plaintiffs must be dismissed.

C.     To the extent that a court of competent jurisdiction has not entered a lawful order appointing Miriam Martinez as the Personal Representative of the Estate of Steven Lemus and issued letters testamentary or of administration to Miriam Martinez as the Personal Representative of the Estate of Steven Lemus, Miriam Martinez lacks standing and the claims asserted on behalf of the Estate of Steven Lemus must be dismissed.

D.     To the extent that Arcelia Romero Martinez is not the mother of Steven Lemus and/or J.L. and L.L. are not the children of Steven Lemus, they lack standing to assert § 1983 Fourteenth Amendment familial association claims and/or A.R.S. §§ 12-611 *et seq.* wrongful death claims, and those claims must be dismissed.

E.     Plaintiffs cannot establish the requisite showing of intent necessary to sustain a cause of action alleging constitutional violation, thereby warranting dismissal of those claims.

F.     County Defendants were acting reasonably, in good faith, without malice, and based upon legal process, probable cause and/or reasonable suspicion, with reasonable belief as to the legality of relevant matters.

G.     County Defendants acted lawfully, with due care and diligence, at all relevant times and did not violate any of Steven Lemus's or Plaintiffs' rights.

H.     County Defendants' acts or omissions were not negligent, grossly negligent, willful, wanton, or reckless.

I.     Any alleged damages and/o alleged injuries to Plaintiffs and/or Lemus were not proximately caused nor contributed to by any failure of the County Defendants to comply with the applicable standard of care

J.     County Defendants did not violate Plaintiffs' and/or Lemus's constitutional rights.

K.     Plaintiffs cannot demonstrate that any deprivation of constitutional rights occurred because of any deliberate act or omission on the part of the County Defendants, and Plaintiffs, therefore, cannot demonstrate that any deliberate act or omission on the part of the County Defendants establishes liability on the part of the County Defendants. Further, Plaintiffs cannot establish that any deliberate act or omission on the part of the County Defendants proximately caused their alleged damages.

L.     Plaintiffs cannot demonstrate that the Funchess acted or failed to act in a manner which constituted a "purpose to harm" nor which "shocked the conscience" in

relation to the incident complained of in the Complaint, such that Plaintiffs cannot establish liability on the part of Maricopa County and/or Funchess as to Plaintiffs' § 1983 familial association claim against Funchess.

M.     Plaintiffs and/or Mr. Lemus assumed the risk of injury, acted in direct and intentional violation of law, and acted voluntarily, intentionally, and knowingly, jeopardizing his safety and well-being, thereby eliminating liability on the part of County Defendants.

N.     County Defendants are entitled to absolute or qualified immunity and any employees of the County or MCSO, identified directly or indirectly by this Complaint or as may arise during discovery, are entitled to absolute or qualified immunity, including immunity from suit and/or punitive and exemplary damages pursuant to A.R.S. §§ 12-820.01, 12-820.02, 12-820.03, 12-820.04.

O.     Plaintiffs and/or Mr. Lemus's actions caused, in whole or in part, any alleged injuries and/or damages, thereby barring or reducing any recovery.

P.     Plaintiffs and/or Mr. Lemus assumed the risk of injury, acted in direct or intentional violation of the law, and acted voluntarily, intentionally, and knowingly, jeopardizing their safety and well-being, thereby eliminating liability on the part of the County Defendants.

Q.     The actions of third parties and/or non-parties at fault, none of whom are agents or employees of County Defendants, caused, in whole or in part, any alleged injuries and/or damaged, thereby barring or reducing any recovery from County Defendants.

R.     County Defendants assert that there may be a lack of joinder of one or more indispensable parties who should and must be joined, and without joinder of these parties, complete relief cannot be accorded among those already named in this case.

**S.     Plaintiffs cannot establish the requirements for any alleged joint and several liability theories (including any alleged acting in concert theories, alleged**

conspiracy theories, alleged joint venture theories and/or any other joint tortfeasor theories) under applicable law.

T.      **A.R.S. § 41-3110 bars any claims for alleged pre-death pain and suffering damages and/or other alleged hedonic damages.**

U.      County Defendants reserve the right to assert all other affirmative defenses listed in Ariz. R. Civ. P. 8(c), as well as any other affirmative defense that may come to light during discovery, including: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, res judicata, statute of limitations, waiver, or any other matter constituting avoidance or affirmative defense.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, County Defendant demand a jury trial on all issues so triable.

RESPECTFULLY submitted this 30th day of November 2023.

RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

BY:    <u>*/s/ Kim Chamberlain*</u>
          KIM CHAMBERLAIN
          CHARLES E. TRULLINGER
          ANGELA D. LANE
          Deputy County Attorneys
          *Attorneys for Sheriff Paul Penzone,*
          *Maricopa County and Kimberly*
          *Funchess*

1

2

### <u>CERTIFICATE OF SERVICE</u>

3

4

Per Article II(D)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, "No certificate of service is required when a paper is served by filing it with the court's electronic-filing system." If the foregoing document is served on a party not listed in the Court's Case Management/Electronic Case Files (CM/ECF) System, service by paper copy will be indicated below or a certificate of service will be filed separately within a reasonable time after service.

5

6

7

8

9

*/s/D. Shinabarger*

10

*S:\CIVIL\CIV Matters\CJ\2022\Martinez (Lemus) v Penzone 2022-2949\Pleadings\Word\Answer.docx*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28